UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>JAMES WELCH,    )<br>)<br>Defendant    ) | M.B.D. Case No. 25-91121 |

### ASSENTED-TO MOTION FOR ENDS-OF-JUSTICE CONTINUANCE OF TIME FOR FILING AN INDICTMENT OR INFORMATION, AND EXCLUSION OF TIME, UNDER THE SPEEDY TRIAL ACT

The United States of America respectfully moves this Court to grant a continuance of the time within which an indictment or information must be filed for the Government's pending case against James Welch, and to exclude the time period from April 1, 2025, through and including May 16, 2025, from the speedy trial clock, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008), on the ground that the ends of justice served by granting the requested continuance and excluding these periods outweigh the best interests of the public and the defendant in a speedy trial. Per this motion, the Government requests that the date for the filing of any indictment or information under the Speedy Trial Act be set at May 16, 2025, absent further Order of the Court. The Government further asks this Court to issue the attached proposed *Order of Continuance and Excludable Delay*. The Government has conferred with counsel for Defendant and <u>Defendant assents to this continuance and exclusion of time under the Speedy Trial Act</u>. In support of its request for a continuance and exclusion of time, the Government states as follows:

1.	On March 3, 2025, the defendant made his first appearance on a complaint charging being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  *Case No.* 25-mj-01068-DLC.

2.	The parties have begun discussions for resolution of this matter.  However, even with due diligence, the parties will be unable to finalize their discussions prior to the time within which an indictment or information must be filed.  Thus, the Government requests a 45-day extension of time within which an indictment or information must be filed in this case.

3.	In light of the above, the government requests that the 30-day period to file an indictment or information in this case be tolled through May 16, 2025, and that the time period from April 1, 2025, through May 16, 2025, should be excluded under the Speedy Trial Act.  Any indictment or information should be filed in this case by May 16, 2025, absent further Order of the Court.

4.	A proposed order is attached.

                      Respectfully submitted,

                      LEAH B. FOLEY
                      United States Attorney

By:	*/s/ Eric L. Hawkins*
      Eric L. Hawkins
      Assistant United States Attorney
      United States Attorney's Office
      One Courthouse Way, Suite 9200
      Boston, MA 02210
      617-748-3299
      eric.hawkins@usdoj.gov

Dated:  March 25, 2025

## **Certificate of Service**

      I hereby certify that this I have served a copy of the foregoing upon all counsel of record by electronic filing notice and by email on counsel for Defendant James Welch.

                                                        */s/ Eric L. Hawkins*
                                                        Eric L. Hawkins
                                                        Assistant United States Attorney

Dated: March 25, 2025

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>       v. )<br>           )<br>JAMES WELCH, )<br>           )<br>    Defendant )  | M.B.D. Case No. 25-91121 |

## ORDER OF CONTINUANCE AND EXCLUDABLE DELAY

Upon consideration of the Government's Assented-to Motion seeking an order of continuance and excludable delay, the Court finds as follows:

1. The Defendant has been and charged by criminal complaint with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *Case No.* 25-mj-01068-DLC. The parties have begun discussions for resolution of this matter; however, even with due diligence, the parties expect to be unable to finalize their discussions prior to the time within which an indictment or information must be filed. As a result, the United States requests an extension of time to return an indictment or file an information. The requested exclusion of time represents a 45-day extension of the United States' time to file an indictment or information under the Speedy Trial Act.

2. Accordingly, the ends of justice served by granting the requested continuance and excluding the time period from April 1, 2025, through and including May 16, 2025, from the speedy trial clock, outweigh the best interests of the public and the Defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008).

In light of the foregoing, the Court hereby grants the Motion and ORDERS that, pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases*, (1) the date on which an Indictment or Information must be filed is continued to May 16, 2025; and (2) the period from April 1, 2025, through and including May 16, 2025, is excluded from the speedy trial clock and from the time within which an indictment or information must be filed.

_____

UNITED STATES DISTRICT JUDGE

Date: